Matter of Board of Mgrs. of the Legacy Condominium v Core Mgt. NY, LLC (2020 NY Slip Op 02169)





Matter of Board of Mgrs. of the Legacy Condominium v Core Mgt. NY, LLC


2020 NY Slip Op 02169


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


160149/17 -160136/17 11334N 160142/17 11333 11332

[*1]In re The Board of Managers of the Legacy Condominium, Petitioner-Respondent,
v
Core Management NY, LLC, Respondent-Appellant.
In re The Board of Managers of the Lux Condominium, Petitioner-Respondent,
v
Core Management NY, LLC, Respondent-Appellant.
In re The Board of Managers of the Union Square Condominium, Petitioner-Respondent,
v
Core Management, NY, LLC,Respondent-Appellant.


Moses & Singer LLP, New York (Robert B. McFarlane of counsel), for appellant.
Lueker Mott Zezula LLC, New York (Nathan C. Zezula of counsel), for respondents.



Orders, Supreme Court, New York County (Nancy M. Bannon, J.), entered April 22, 2019, which, to the extent appealed from as limited by the briefs, granted petitioners' motions for sanctions against respondent to the extent of awarding petitioners costs in the form of reimbursement for actual expenses reasonably incurred in connection with the proceedings and reasonable attorneys' fees, unanimously affirmed, with costs. The court providently exercised its discretion in imposing monetary sanctions on respondent and detailed the reasons for doing so (see 22 NYCRR 130-1.1; 22 NYCRR 130-1.2; Saleh v Hochberg, 5 AD3d 234 [1st Dept 2004]). The record shows that respondent, inter alia, refused to turn over petitioners' files after it had been terminated as petitioners' managing agent thereby causing petitioners to commence the instant proceedings. Respondent then delayed turning over the sought material, subsequently provided the material in an unusuable and disorganized format, and ignored a court order. Under the totality of the circumstances, the court's conclusion that respondent engaged in frivolous conduct during the course of the
proceedings was amply supported (see e.g. Braverman v Braverman, 146 AD3d 704 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK